# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**PAMELA WEBB PRECCIELY**                                   **CIVIL ACTION**

**VERSUS**

                                                                              **NO. 19-416-JWD-RLB**

**U.S. BANK TRUST, N.A., ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 9, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**PAMELA WEBB PRECCIELY**                              **CIVIL ACTION**

**VERSUS**

                                                      **NO. 19-416-JWD-RLB**

**U.S. BANK TRUST, N.A., ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Remand (R. Doc. 9) filed by Plaintiff, Pamela Webb Precciely, on August 19, 2019. Defendants, U.S. Bank Trust, NA, as Trustee, and Caliber Home Loans, Inc., filed their Opposition (R. Doc. 24) on September 6, 2019. Defendant, Jackson & McPherson, LLC, filed its Opposition (R. Doc. 25) on September 9, 2019.

## I.    Background

Plaintiff initiated this action with the filing of her "Petition to Vacate, Set Aside and Rescind Sheriff's Sale, for Damages, and for Temporary Restraining Order and Injunctive Relief" ("Petition") in state court on May 31, 2019. (R. Doc. 1-2). Therein, Plaintiff alleges that she was appointed administratrix of the Succession of Audrey Lee James Welsh, who owned the property at issue, located at 1475 Progress Road, Baton Rouge, Louisiana 70807. (R. Doc. 1-2 at 5). Plaintiff alleges that she sought loan modification and reinstatement before foreclosure was initiated by executory process and the property was sold at sheriff's sale on January 23, 2019. (R. Doc. 1-2 at 6-7). In her Petition, Plaintiff seeks to have the sale of the property rescinded, vacated, and set aside, along with an injunction restraining Defendants U.S. Bank and Caliber from evicting Plaintiff, and damages. (R. Doc. 1-2 at 8). Plaintiff alleges violations of the Fair Debt Collection Practices Act against Defendant Jackson & McPherson. (R. Doc. 10-2 at 8-9).

Defendants U.S. Bank and Caliber removed this action on June 26, 2019 with the filing of their Notice of Removal, alleging federal question jurisdiction under 28 U.S.C. § 1331. (R. Doc. 1). On September 30, 2019, Defendants filed their Amended Notice of Removal. (R. Doc. 30). Defendants assert federal question jurisdiction based on Plaintiff's claims against Jackson & McPherson under the Fair Debt Collection Practices Act, and allege that the remainder of the claims form part of the same case or controversy such that supplemental jurisdiction pursuant to 28 U.S.C. § 1367 is appropriate. (R. Doc. 30 at 2).

## II.     Law and Analysis

### A.     Legal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  This Court has original subject matter jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Nevertheless, because federal courts are courts of limited jurisdiction, it is presumed that a suit removed to federal court lies outside this limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  The party seeking removal bears the burden of demonstrating that a federal question exists. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).  A federal question exists "if there appears on the face of the complaint some substantial, disputed question of federal law." *In re Hot–Hed, Inc.*, 477 F.3d 320 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

### B.     Analysis

In support of remand, Plaintiff argues that the Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. Plaintiff posits that she is "only seeking damages from

defendants that flow from the foreclosure which she is now seeking to have vacated and set aside." (R. Doc. 9-1 at 2). Defendants argue that jurisdiction is proper because Plaintiff has brought claims under the Fair Debt Collection Practices Act against Defendant Jackson & McPherson, which establishes federal question jurisdiction pursuant to 28 U.S.C. § 1331, and the Court may exercise supplemental jurisdiction over the remaining state law causes of action. (R. Doc. 24 at 4-6; R. Doc. 25 at 1-2).

In *Truong v. Bank of American, N.A.*, 717 F.3d 377, 384 (5th Cir. 2013), the Fifth Circuit held that the *Rooker-Feldman* doctrine did not deprive the federal district court of jurisdiction "[b]ecause Truong did not seek to reverse or void the adverse foreclosure judgment." Further, "[a] state court judgment is attacked for purposes of *Rooker-Feldman* when the [federal] claims are 'inextricably intertwined' with a challenged state court judgment, or where the losing party in a state court action seeks what in substance would be appellate review of the state judgment." *Weaver v. Tex. Capital Bank, N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (per curiam).

Courts in this circuit have found the *Rooker-Feldman* doctrine to preclude federal jurisdiction under similar circumstances, even in instances where a plaintiff did not seek to review or overturn a state court's ruling. In *Wylie v. Bank of New York Mellon*, 856 F. Supp. 2d 837, 844 (E.D. La. Mar. 6, 2012), for example, the court found itself without jurisdiction to address a plaintiff's suit "to receive damages from Defendant for obtaining the foreclosure through fraud, in violation of the FDCPA and LUTPA" based on application of the *Rooker-Feldman* doctrine. The *Wylie* court cited other instances where court have found the doctrine to apply in the context of mortgage foreclosure proceedings and unlawful debt collection practices. *Id.*

Plaintiff explicitly seeks "that this sheriff's sale be annulled and the property placed back into her name and her co-heirs." (R. Doc. 1-2 at 9). This amounts to an appeal of a state court foreclosure judgment and damages stemming from that judgment that are subject to application of the *Rooker-Feldman* doctrine. These federal claims are inextricably intertwined with Plaintiff's request to annul the foreclosure such that the *Rooker-Feldman* doctrine precludes federal jurisdiction. The harm complained of by Plaintiff against Jackson & McPherson in the context of the FDCPA are "actual damages **for the wrongful sale** of her property, the stress, embarrassment and humiliation **associated with this sale** and the costs of preparing to move **due to this imminent eviction**." R. Doc. 1-2 at 9) (emphasis added).

Thus, the alleged wrongful acts by Jackson & McPherson are directly connected to the alleged "wrongful sale" of Plaintiff's property, and she seeks damages resulting therefrom. The court cannot address the claims brought by Plaintiff against Jackson & McPherson without addressing the validity of the foreclosure and sale of the property at issue. Plaintiff's claims against Jackson & McPherson are not separate and distinct from her request to annul the sale of the property such that the *Rooker-Feldman* doctrine precludes federal jurisdiction.

This finding is supported by the fact that a mortgage foreclosure action is a classic example of a matter traditionally within the purview of state courts. For example, in *Legette v. Washington Mut. Bank, FA*, 2005 WL 2679699 (N.D. Tex. Oct. 19, 2005), a case where the plaintiff brought a "wrongful foreclosure" action in state court, the court granted the plaintiff's motion to abstain and remand, noting "[e]xercising federal jurisdiction over home foreclosure disputes typically governed by private contract and state law portends a significant transfer of judicial responsibilities from state to federal courts."[1] *Id*. at *4. Thus, even were Plaintiff's

---

[1] *See also Goffney v. Bank of Am., N.A.*, 897 F. Supp. 2d 520, 527 (S.D. Tex. 2012) ("Indeed, the lack of a private right of action also indicates that Congress did not intend to alter the balance of federal and state judicial

4

claims subject to removal under federal question jurisdiction, the Court finds a wrongful foreclosure action to be subject to the state's interest and within the traditional realm of a state's responsibility such that the exercise of federal jurisdiction is not proper in this instance.

Finding the Court to be without jurisdiction on the FDCPA claim, there is no other basis for subject matter jurisdiction. The Court does not have the authority to address the validity of Defendants' argument that Plaintiff "waived all defenses and procedural objections to the executory process by filing to move for an injunction stopping the sale or filing a suspensive appeal." (R. Doc. 24 at 8). That is to say, to the extent Defendants suggest that jurisdiction is proper because Plaintiff's request for annulment of the foreclosure is invalid, the Court cannot make such a conclusion as it lacks subject matter jurisdiction.

### III. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 9) be **GRANTED** and this case **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on January 9, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

responsibilities in mortgage foreclosure litigation… In contract, the federal government does not appear to have a strong interest in resolving this particular issue between lender and borrower."); *Buis v. Wells Fargo Bank, N.A.*, 401 F. Supp. 2d 612, 618 (N.D. Tex. 2005) ("Nothing has been presented to the court by the parties that Congress has expressed an intent to have such foreclosure-related actions, which are ordinarily handled by state courts, transferred to or filed in federal court. Absent proof or indication that Congress intends to upset or shift the state-federal line or division of responsibility, the court declines to open a Pandora's box and usher into federal court a new wave of litigation that has been traditionally, and should be, handled in state court.") (internal citation omitted).